UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHONDEL LARKIN,

        Petitioner,

   v.

D. DAVEY,

        Respondent.

No. 2:14-cv-2497 GGH P

ORDER

      Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Although the habeas petition is currently under submission, petitioner on February 23, 2015 submitted another petition and motion to proceed in forma pauperis, which were filed in this action.

      A review of the most recent petition indicates that although it is very similar to the petition filed October 24, 2014, it concerns a different disciplinary conviction.

      Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts provides:

> A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court.

Therefore, properly reading the above rule to encompass tribunals of any sort, petitioner cannot properly challenge the judgments of two different tribunals in a single proceeding. <u>Bianchi v. Blodgett</u>, 925 F.2d 305, 308–11 (9th Cir.1991). Additionally, a court has the inherent power to

1

control its docket and the disposition of its cases with efficiency for both the court and the parties. Landis v. North American Co., 299 U.S. 248, 254–255, 57 S.Ct. 163, 81 L.Ed. 153 (1936); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.1992).

Here, because the claims in the second filed petition concern a separate proceeding, the petition filed February 23, 2015 will be severed and will proceed in a new separate action to be opened by the Clerk.  The claims raised in the original petition filed in this case will remain pending and under submission.

Because both petitions concern the same parties, are based on similar claims, and involve similar questions of fact and law, they will both be assigned to the undersigned magistrate judge. See E.D. Local Rule 123(a).  Such an assignment of the actions to the same magistrate judge is likely to effect a substantial saving of judicial effort.  Reassignment of the newer case merely has the result that both actions are assigned to the same magistrate judge.  No consolidation of the cases is effected.

Accordingly, IT IS HEREBY ORDERED that:

1. The petition filed February 23, 2015 in this action, (ECF No. 12), is severed from this action and shall proceed as a separate action, while the claims previously raised in the instant action shall remain pending and under submission;

2. The Clerk of the Court shall:  (a) open a new action to be assigned to the undersigned magistrate judge, (b) designate the new action as related to the instant action, (c) file in the new action the petition filed February 23, 2015 (ECF No. 12), and the motion to proceed in forma pauperis filed February 23, 2015 (ECF No. 13), and (d) make appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

Dated: March 9, 2015

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076:lark2497.sev